FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 8 2000

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WINNIE MAE CLARK, ROSETTA CLARK, REV. and MRS. WILLIS WALKER, MR. EARL SISK, on their own behalf and as representatives of a class of aggrieved landowners and African-American citizens of the Brushy Island Neighborhood of the City of Sherwood<br>    *Plaintiffs,*<br>v.<br>CITY OF SHERWOOD, ARKANSAS<br>    Defendant. | NO. 4:00CV033HW<br>COMPLAINT--CLASS ACTION<br>42 U.S.C. §§ 1981-1983<br>Thirteenth Amendment<br>Fourteenth Amendment<br><br>This case assigned to District Judge Ward<br>and to Magistrate Judge Foster |

**COMPLAINT -- CLASS ACTION**

The plaintiffs allege against the defendants:

I. INTRODUCTION

1. This action by residents of the Brushy Island Community (or Neighborhood) of Sherwood against the City of Sherwood to challenge a zoning decision involving their neighborhood as racially motivated and discriminatory (Count 1) and arbitrary, capricious, and unreasonable (Count 2).

II. PARTIES

2. The plaintiffs are Winnie Mae Clark, Rosetta Clark, Rev. and Mrs. Willis Walker, and Earl Sisk. They are residents of the Brushy Island Community and contiguous landowners to the piece of land at issue.

3. As to the federal claims, they are suing on their own behalf and as representatives of a class of aggrieved landowners and black citizens of the City of Sherwood over a racially moti-

1

vated zoning decision.

4. The defendant is the City of Sherwood, Arkansas, a municipal corporation in Pulaski County, Arkansas. It is a state actor under 42 U.S.C. §§ 1981-1983 and the Fourteenth Amendment to the U.S. Constitution.

### III. JURISDICTION

5. Jurisdiction of the court is invoked under: (a) 42 U.S.C. §§ 1981-1983, (b) 42 U.S.C. § 3601 *et seq.*, The Fair Housing Act of 1968, and, thus, (c) 28 U.S.C. § 1343 (a)(3,4).

6. There was a prior action between the parties with this same style (LR-C-95-384) assigned to Judge Reasoner. That case was administratively terminated because of a pending state claim that was final sixty days ago. *Williams v. Harmon*, Ark. S. Ct. 99-1179 (petition for review denied November, 18, 1999).

### IV. ACTS COMPLAINED OF

7. Brushy Island Community is entirely populated by African-American citizens. About 180 persons live there.

8. It was attempted to be annexed into the City of Sherwood with other parcels in 1976. Another annexation at the same was held void in *Carter v. City of Sherwood*, 263 Ark. 616, 566 S.W.2d 746 (1978), for failure to include a schedule of services to be provided over the next three years by the City in the annexed area as required by Ark. Code Ann. § 13-40-303(a)(2).

9. In 1982, the City of Sherwood sought to annex Brushy Island again by Ordinance No. 515. This ordinance also failed to provide a schedule of services.

10. Between 1982 and 1996, the City of Sherwood did not equally provide municipal services to the residents of Brushy Island, including sewer service, fire hydrants, city water (they created their own improvement district since then), and street repair. Fire protection is provided by

a volunteer department not a part of Sherwood. They did have police protection, but that was about all. They got street lights in May, 1995. They only got services as a result of the prior filing of this case in 1995. The neighborhood was all zoned R-1 residential.

11. On May 22, 1995, the City of Sherwood adopted Ordinance No. 1222, which is entitled: "An Ordinance Rezoning the Front 318 Feet of 8920 Landers Road from R-1 to C-4; Amending the Zoning Map; Declaring an Emergency; and For Other Purposes." This ordinance changed the zoning of one parcel of Brushy Island from being a single family residential district (R-1) to highway commercial and open display district (C-4). (*See* Sherwood Ordinance No. 729 (as amended), § 5.6 (Jan. 1990), the Sherwood Zoning Ordinance for a description of each.) The parcel was intended a parking lot for erection of a building to sell fireworks, a fire hazard.

12. The parcel at issue is Pulaski County Parcel No. 238-0900-01500. It is now owned by Wayne Harris who is white, and he sought and obtained the zoning change.

13. While the Ordinance says that C-4 is appropriate for the 67/167 corridor, where this is, this piece of land is surrounded by single family residences in Brushy Island. Therefore, this is spot zoning that interferes with the use and quiet enjoyment of the plaintiffs and the class members of their land. A C-4 use next to R-1 in this context will create a nuisance to the plaintiffs. It is an arbitrary and capricious use of the zoning power which will irreparably injure plaintiffs by increasing traffic flows and making the streets unsafe.

14. The Sherwood planning staff opposed this zoning change on the ground that there was inadequate fire protection. The City Board ignored its own staff in making this spot zoning decision.

15. The building was built, and fireworks are sold next to homes.

## IV. CAUSES OF ACTION

### COUNT 1

16. The City of Sherwood has denied the plaintiffs and the class members equal protection of the law by denying them basic city services for over a decade which are available in the rest of Sherwood which is virtually all white.

17. The zoning decision in this case, as in every other decision of the City of Sherwood concerning the Brushy Island Community, was race-based and thus violates the Thirteenth (badges and incidents of slavery) and Fourteenth (equal protection of the law) Amendments to the U.S. Constitution and their rights protected under 42 U.S.C. §§ 1981-1983 and the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq*.

18. It is and has been calculated to create a separate but unequal part of the City of Sherwood.

### COUNT 2

19. As a separate and supplemental claim, the decision of the City Board of the City of Sherwood to change the zoning on this parcel of land owned by Harris was arbitrary, capricious, and an abuse of discretion in violation of Arkansas and federal law.

20. This claim is necessary to be joined as a compulsory claim.

## IV. CLASS ACTION ALLEGATIONS
## (LOCAL RULE 23.1)

21. This action is brought pursuant to F.R.C.P. 23 because: (1) the number of persons in the class (about 180) is so numerous that joinder of all members is impracticable; (2) the questions of fact and law are common to the class; (3) the claims of the representatives are typical of the claims of the class members; and (4) the representative parties will fairly and adequately protect the

interests of the class members.  F.R.C.P. 23(a).

22. This action is maintainable under F.R.C.P. 23(b)(1&2) because:

(a) separate actions creates a risk of varying adjudications which would create incompatible standards of conduct (F.R.C.P. 23 (b)(1)(A)): or

(b) adjudications as to the class members is dispositive of all possible claims (F.R.C.P. 23 (b)(1)(B)); or

(c) the City of Sherwood has acted and refused to act on grounds generally applicable to the class, thereby making appropriate final declaratory and injunctive relief as to the class as a whole (F.R.C.P. 23(b)(2)).

23. The proposed definition of the class is: "The Residents of Brushy Island Community, Sherwood, Arkansas."

24. The plaintiffs are adequate representatives of the class because they are contiguous landowners to the parcel at issue.

25. The common questions of law and fact are: (a) whether the action of the City of Sherwood in failing to provide basic city services to the class is racially motivated as shown by the prima facie cases of disparate impact and differing treatment over 17 years in violation of the Thirteenth and Fourteenth Amendment to the U.S. Constitution and the Fair Housing Act of 1968; and (b) whether the action of the City of Sherwood in zoning this parcel of land C-4 is arbitrary and capricious in violation of state law and the U.S. Constitution.

## VI. PRAYER

WHEREFORE, the plaintiffs and class members pray for the following relief:

(a) a declaratory judgment that the City of Sherwood has violated the Thirteenth and Fourteenth Amendments and 42 U.S.C. §§ 1981-1983 to the African-American plaintiffs and class

members in the Brushy Island Community in failing to provide all basic city services to them;

(b) a permanent injunction requiring the City of Sherwood to extend all city services to the Brushy Island Community forthwith, equal to other parts of the City, not separately but equally;

(c) a declaratory judgment and permanent injunction against this zoning decision which violates the Thirteenth and Fourteenth Amendments and the Fair Housing Act of 1968;

(d) voiding the zoning decision as arbitrary, capricious, and unreasonable under state law;

(e) their costs and attorney's fees and reasonable expenses of litigation under 42 U.S.C. § 1988 and 42 U.S.C. § 3612(c).

(f) any other relief that equity requires.

                                              Respectfully submitted,

*[signature: John Wesley Hall Jr.]*

JOHN WESLEY HALL, JR.
Ark. Bar No. 73047
523 West Third Street
Little Rock, Arkansas 72201-2228
(501) 371-9131 / fax (501) 378-0888

*Attorney for Plaintiffs*